IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR HABEAS RELIEF** |
| | ) | |
| vs. | ) | Case No. 1:13-cr-017 |
| | ) | |
| Beau Jack Benfiet, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| Beau Jack Benfiet, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16-cv-256 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

_____

Before the Court is Defendant Beau Jack Benfiet's *pro se* "Motion to Vacate under 28 U.S.C. 2255" filed on June 30, 2016. See Docket No. 379. Counsel for Benfiet filed a supplement on August 26, 2016. See Docket No. 391. The Government filed a response in opposition to the motion on November 7, 2016. See Docket No. 414. Benfiet filed a reply on December 5, 2016. See Docket No. 419. For the reasons outlined below, the motion is denied.

**I.    BACKGROUND**

On May 16, 2014, Benfiet pled guilty, pursuant to a plea agreement, to Count One of the Second Superseding Indictment which charged him with Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 846 and 18 U.S.C. § 2. See Docket Nos. 186 and 199. In the plea agreement, it was acknowledged that the

United States would be filing an Information pursuant to 21 U.S.C. § 851 certifying that Benfiet had two qualifying prior felony drug offense convictions which would require a mandatory minimum sentence of life imprisonment. See Docket No. 186, ¶ 7, n.1. The parties also agreed that Benfiet qualified as a career offender under U.S.S.G. § 4B1.1. See Docket No. 186, ¶ 14. As anticipated by the plea agreement, the United States filed a Section 5K1.1 motion which allowed the Court to depart from the mandatory minimum life sentence. See Docket No. 327.

The Presentence Investigation Report ("PSR") was filed on August 12, 2014. See Docket No. 222. An amended PSR was filed on June 29, 2015. See Docket No. 310. The amended PSR calculated Benfiet's base offense level, under U.S.S.G. § 2D1.1(c)(5), to be 30 with a 2-level upward adjustment for possession of a firearm resulting in an adjusted offense level of 32. See Docket No. 310, ¶¶ 20, 21, and 25. However, the PSR also found Benfiet was a career offender under U.S.S.G. § 4B1.1(b) because Benfiet had two prior felony convictions of either a crime of violence or a controlled substance offense. See Docket No. 310, ¶ 26. This gave Benfiet an offense level of 37. With a three level reduction for acceptance of responsibility, Benfiet's total offense level was found to be 34. Benfiet's criminal history gave him 19 points which put him in criminal history category VI. See Docket No. 310, ¶ 49. The career offender finding also mandated a criminal history category VI. See Docket No. 310, ¶ 50. A total offense level of 34 with a criminal history category of VI would normally produce an advisory Sentencing Guideline range of 262-327 months. See Docket No. 310, ¶ 92. However, U.S.S.G. § 5G1.1(b), and the statutorily required mandatory minimum sentence of life imprisonment, meant the advisory Sentencing Guideline range was life. See Docket No. 310, ¶ 92.

At the sentencing hearing on July 2, 2015, the Court adopted the PSR without change, finding a total offense level of 34 with a criminal history category VI and a resulting advisory Sentencing Guideline range of life imprisonment. See Docket No. 389, p. 23. After the Court granted the Government's substantial assistance motion, the Government recommended a sentence of 240-months, or one-third off of 360-months, which is how the U.S. Attorney's Office for the District of North Dakota interprets a life sentence for substantial assistance purposes. See Docket No. 389, p. 12. Defense counsel argued for a sentence of 84-months. See Docket No. 389, pp. 16-17. The Court sentenced Benfiet to 135-months imprisonment, with credit for time served, based on his substantial assistance and cooperation with the Government. See Docket No. 323. A second amended PSR addressing defense counsel's concerns regarding the description of a prior conviction was filed on July 7, 2015. See Docket No. 331.

Benfiet did not file a direct appeal. On June 30, 2016, Benfiet filed a motion under Section 2255 seeking to correct his sentence. See Docket No. 379. Benfiet contends his defense counsel was ineffective by not objecting to the PSR which incorrectly calculated his criminal history points resulting in his classification as a career offender. The Government maintains that any error in finding Benfiet qualified as a career offender was harmless as the statute to which he pled guilty carried a mandatory minimum sentence of life imprisonment.

## II.   STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting

28 U.S.C. § 2255(a)).  This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994).  A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."  Davis, 417 U.S. at 343.

### III.    LEGAL DISCUSSION

#### A.    INEFFECTIVE ASSISTANCE OF COUNSEL

Benfiet contends he received ineffective assistance of counsel at sentencing.  Specifically, he contends defense counsel failed to object to his being classified as a career offender under Sentencing Guideline Section 4B1.1 which resulted in an advisory Sentencing Guideline range five levels higher than it should have been.  The Government contends Benfiet suffered no prejudice as the offense to which he pled guilty carried a mandatory minimum sentence of life in prison.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  To be eligible for habeas relief based on ineffective assistance of counsel, a defendant must satisfy the two-part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, a defendant must establish that defense counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88.  This requires showing that counsel made errors so serious that defense counsel was not

functioning as the 'counsel' guaranteed by the Sixth Amendment. Id. at 687-88. In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. If the underlying claim (i.e., the alleged deficient performance) would have been rejected, defense counsel's performance is not deficient. Carter v. Hopkins, 92 F.3d 666, 671 (8th Cir. 1996). Courts seek to "eliminate the distorting effects of hindsight" by examining defense counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, it must be demonstrated that defense counsel's performance prejudiced the defense. Strickland, 466 U.S. at 687. In other words, under this second prong, it must be proven that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003). In a guilty plea context, a defendant must establish a reasonable probability that he would not have pled guilty and would have exercised his right to a trial but for counsel's ineffectiveness. Hill v. Lockart, 474 U.S. 52, 59 (1985). Merely showing a conceivable effect is not enough. Id. An increased prison term may constitute prejudice under the *Strickland* standard. Glover v. United States, 531 U.S. 198, 203 (2001).

There is a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996). A court reviewing defense counsel's performance must make every effort to eliminate hindsight and second-guessing. Strickland, 466 U.S. at 689; Schumacher v. Hopkins, 83 F.3d 1034, 1036-37 (8th Cir. 1996). Under the *Strickland* standard, strategic decisions that are made after a thorough investigation of both the law and facts regarding plausible options are virtually unchallengeable. Strickland, 466 U.S. at 690.

Benfiet contends his attorney was ineffective during the sentencing stage by failing to object to the Court's finding that he qualified as a career offender. It is undisputed the PSR incorrectly designated Benfiet as a career offender based on the convictions listed in paragraphs 42 and 46. These convictions received zero criminal history points because they resulted from offenses contained in the same charging document or were imposed the same day as another offense which did receive criminal history points. See U.S.S.G. § 4A1.2(a)(2). "To qualify as a 'prior felony' for career offender purposes, the felony must receive criminal history points under subsection (a), (b), or (c) of 4A1.1." United States v. Peter, 215 F.3d 861, 862 (8th Cir. 2000). Since the offenses listed in paragraphs 42 and 46 of the PSR received zero criminal history points, they should not have counted as predicate convictions for career offender purposes, and Benfiet should not have been classified as a career offender. This error in the PSR was overlooked by everyone involved in the sentencing hearing. Even if this oversight is considered deficient performance on the part of defense counsel, Benfiet cannot establish prejudice.

The Court found Benfiet's total offense level of 34 with a criminal history category VI which produced an advisory Sentencing Guideline range of 262-327 months. However, the Government had certified two of Benfiet's prior felony drug offense convictions pursuant to 21 U.S.C. § 851(a)(1) which resulted in a mandatory minimum life sentence. When a statute requires a minimum sentence greater than the Sentencing Guideline range, "the statutorily required minimum sentence shall be the guideline sentence." See U.S.S.G. § 5G1.1(b). Since Benfiet cooperated with the United States and provided substabntial assistance, a Section 5K1.1 motion was filed which allowed the Court to depart from the mandatory minimum life sentence that Benfiet faced. Benfiet's criminal history category and base offense level calculation played no part in him getting sentenced to less than life. It was the

life sentence Benfiet faced, interpreted as 360-months for Section 5K1.1 purposes, that was the starting point for the Court's departure. If the Government had not filed its Section 5K1.1 motion Benfiet would have received a life sentence. The erroneous career offender finding had no impact whatsoever in Benfiet's sentence. It should be noted that the 135-month sentence Benfiet received was well below that recommended by the Government and the able advocacy of defense counsel can be credited, at least in part, for the lenient sentence Benfiet received. The Court concludes that Benfiet's claim of ineffective assistance of counsel fails as he has failed to demonstrate any prejudice. The grant of Section 2255 relief is unwarranted.

### IV.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law. For the reasons set forth above, the Court **DENIES** Benfiet's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Docket No. 379). The Court also issues the following **ORDER**:

1) The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

2) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). If the defendant desires further review of his motion he may request the issuance of a certificate of appealability by a circuit judge with the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2017.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court